IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MOHAMMED KEITA,**

        Plaintiff,

v.                                                                                  CIVIL ACTION NO. 3:22-CV-20
                                                                                 (GROH)

**AMERICAN PUBLIC UNIVERSITY, aka
American Military University,
PROFESSOR JONATHON SMALL,
PROFESSOR HARRY COOPER,
PROFESSOR RICHARD WHITE, and
UNITED STATES DEPARTMENT OF
EDUCATION—OFFICE FOR CIVIL RIGHTS**

        Defendants.

## **REPORT AND RECOMMENDATION**

### I.     **INTRODUCTION**

Pending before the Court is Plaintiff Mohammed Keita pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

---

[1] This motion was referred to the undersigned by order on February 23, 2022. ECF No. 7.

## II.   THE COMPLAINT

On February 7, 2022, Plaintiff filed a pro se complaint against American Public University aka American Military University, three of his professors, and the United States Department of Education—Office of Civil Rights. ECF No. 1. On February 17, 2022, the case was transferred from the Eastern District of New York to the Northern District of West Virginia. ECF No. 4.

In addition to his three-page complaint, Plaintiff attached and incorporated exhibits which, together with his complaint, further clarify Plaintiff's claims in this action. The following are the pertinent facts taken from Plaintiff's pleading.

Plaintiff, Mohammed Keita, was a masters student studying cybersecurity at American Military University ("AMU").[2] ECF No. 1 at 4. Plaintiff has sued three of his professors for what appears to be unsatisfactory failing grades. In two of his classes, Plaintiff was also accused of plagiarism. Id. at 2, 8. Plaintiff was dismissed from AMU for what he claims was "retaliation for filing a complaint." Id. at 1. As a result of his dismissal, he was unable to complete his masters degree in cybersecurity. Id.

According to a letter attached to the Complaint, Plaintiff filed a civil rights complaint with the U.S. Department of Education, Office for Civil Rights, where he alleged that: (1) AMU discriminated against him on the basis of his color (Black) and national origin (Liberian) when University professors accused him of plagiarism, refused to grade his work, and graded his work unfairly; (2) AMU discriminated against him on the basis of disability for theft or misappropriation of intellectual property rights; and (3) the University retaliated against him for complaining about the accusation of plagiarism

---

[2] American Public University System is a private, for-profit, online learning university system that is composed of American Military University and American Public University.

and unfair grading when it failed to act on his grade appeal. ECF No. 1 at 11. The Office of Civil Rights opened an investigation into the first allegation and dismissed the second and third allegations.[3] ECF No. 1 at 11-12. The Court will liberally construe this document as part of the allegations against Defendants in the instant Complaint. As for the Office of Civil Rights, it is not entirely clear why it is named as a Defendant, but it appears Plaintiff was unhappy with their investigation or response to his allegations and has brought suit on that basis. Id. at 2.

As for the relief requested, Plaintiff seeks an injunction to allow him readmission to AMU's masters program, grant him a cybersecurity diploma, and/or grant him a full tuition refund of not less than $40,000. ECF No. 1 at 2-3.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. §

---

[3] As to the second allegation, Plaintiff admitted he does not have a disability and is not regarded by the University as a person who may have a disability. ECF No. 1 at 12. As to the third allegation, the Office for Civil Rights found that Plaintiff did not engage in the requisite protected activity to state a claim for unlawful retaliation. Id.

1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke, 490 U.S. at 325. A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Id. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

As stated above, § 1915(e) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555

4

(citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)).

## IV. DISCUSSION

While Plaintiff's three-page complaint lacks any specific reference to a statute, constitutional violation, or common law claim, Plaintiff's civil cover sheet lists 42 U.S.C. § 1983 as his cause of action, where he also describes his pleading as a "civil rights complaint." This, in conjunction with allegations contained in the Office of Civil Rights letter attached to the complaint, has led the Court to liberally construe Plaintiff's causes of action against Defendants as arising under § 1983, Title VI of the Civil Rights Act, and § 504 of the Rehabilitation Act. See ECF No. 1-1 at 1; ECF No. 1 at 11.

### A. Plaintiff has failed to state a viable § 1983 claim against Defendants.

#### 1. Defendant American Military University

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. 42 U.S.C. § 1983; Maipandi v. Lindenwood Univ. Sch. of Educ., 2016 WL 324958, at *3 (E.D. Mo. Jan. 27, 2016).

Plaintiff appears to assert that his constitutional right to procedural due process was violated. Specifically, he alleges that the grading process was unfair and that AMU

violated its own appeals process by extending his grade appeal from 30 days to 90 days, which he contends was arbitrary and capricious. Plaintiff's allegations simply do not rise to the level of a constitutional due process violation and thus, Plaintiff fails to state a claim under § 1983.

Private institutions need not endow their students with the constitutional due process protections that state universities are obliged to provide. David v. Neumann Univ., 177 F. Supp. 3d 920, 926 (E.D. Pa. 2016); see also Marino v. City Univ. of N.Y., 18 F.Supp.3d 320, 337-38 (E.D.N.Y. 2014) (noting that there is no constitutionally mandated procedure required for challenging academic decisions such as a failing grade, and that the opportunity to challenge a failing grade before state school's appellate committee was "more procedural safeguard[ ] than required by the Constitution").

In David, the plaintiff, a student who was terminated from her doctoral program at a private university, brought what appeared to be a § 1983 claim against her school asserting she was deprived of her right to procedural due process. 177 F. Supp. 3d at 926. The plaintiff alleged that the University "fail[ed] to treat [her] with fundamental fairness in assigning her a failing grade during her practicum examination" and "dismissed [her] in an arbitrary and capricious manner, without appropriate due process and fundamental fairness." Id. The court in David held that the plaintiff did not state a plausible claim against the university for a violation of procedural due process, noting that Plaintiff's allegations were conclusory and that the plaintiff was dismissed for poor academic performance, not as a disciplinary measure. Id.

Here, like in David, Plaintiff has not stated facts that indicate that he was deprived of a constitutional right when he received lower-than-expected grades, appealed those grades, and was ultimately dismissed academically from AMU. AMU's grade appeals policy is well within the parameters of a private academic institution's constitutional prerogative and discretion. Accordingly, the undersigned recommends that Plaintiff's § 1983 claim be dismissed for failure to state a claim. See also Heller v. Colorado Tech. Univ. On Line, 2014 WL 2919230, at *2 (N.D. Ohio June 27, 2014) (dismissing § 1983 claim against Colorado Technical University Online after holding that the private university was not a state actor because the plaintiff never alleged that the State was significantly involved with the defendant university's activities).

### 2. Defendants Jonathon Small, Harry Cooper, and Richard White

Plaintiff has failed to allege, and there is no indication, that any of the individuals named as defendants in this action are state actors within the meaning of § 1983. See Lindsey v. Detroit Entm't, 484 F.3d 824, 827 (6th Cir. 2007) (in general the "state actor" requirement prevents the law from reaching the conduct of private parties acting in their individual capacities); Maipandi, 2016 WL 324958, at *3. For these reasons, Plaintiff's § 1983 claims against Defendants Jonathon Small, Harry Cooper, and Richard White are legally frivolous, and the undersigned recommends that they be dismissed without prejudice pursuant to § 1915(e)(2)(B).

### 3. Defendant Department of Education, Office of Civil Rights

To the extent that Plaintiff's complaint is being brought against the Office of Civil Rights pursuant to § 1983 for alleged constitutional violations, this section would not be applicable to the Department of Education, Office of Civil Rights. See Beal v. Cortland,

2016 WL 6242114, at *6 (N.D.N.Y. June 21, 2016). Further, there is no constitutional right to an investigation of any sort by government officials. Id. (citing Bernstein v. New York, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008)). As such, the undersigned recommends that any § 1983 claims against the Office of Civil Rights be dismissed as legally frivolous.

### B. Plaintiff has failed to state a viable Title VI claim against Defendants.

#### 1. Defendant American Military University

Giving Plaintiff's pro se complaint liberal interpretation, he alleges that AMU discriminated against him because of his color (Black) and national origin (Liberian) in violation of Title VI. Title VI of the Civil Rights Act of 1964 ("Title VI") prohibits federally assisted programs, such as educational institutions receiving federal funds, from discriminating on the basis of race, color, or national origin. 42 U.S.C. § 2000d. Under Title VI, a plaintiff must first show that the program or activity under which a plaintiff was allegedly subjected to discrimination received federal financial assistance. See Bowman v. Baltimore City Bd. of Sch. Commissioners, 173 F. Supp. 3d 242, 247 (D. Md. 2016). Based on the letter from the Office of Civil Rights attached to the complaint, the Court will construe Plaintiff's complaint as alleging that AMU receives federal funds and is thus subject to the requirements of Title VI. See ECF No. 1 at 11.

In the educational context, a plaintiff making a discrimination claim under Title VI must show that: "(1) he is a member of a protected class; (2) he suffered an adverse action at the hands of the defendant in pursuit of his education; (3) he was qualified to continue in his pursuit of his education; and (4) he was treated differently from similarly

situated students who are not members of the protected class." Astaraee v. Villanova Univ., 509 F. Supp. 3d 265, 270 (E.D. Pa. 2020).

Plaintiff has failed to state a cause of action against AMU for discrimination in violation of Title VI. Plaintiff did not allege any facts supporting that AMU's actions were motivated by discrimination. Plaintiff merely alleged that university employees gave him failing grades and accused him of plagiarism, ultimately resulting in his academic dismissal from AMU. He failed to allege that he complied with the school's academic requirements or that, absent any alleged discrimination, he would have had more academic success. See Wanko v. Cath. Univ. of Am., 2009 WL 3052477, at *3 (D.D.C. Sept. 22, 2009). He also failed to allege any facts that suggest he was treated differently from similarly situated students who are not members of his protected class. This Court will not "second-guess an educational institution's application of its own academic standards and procedures" absent evidence indicating the presence of an illegal discriminatory motive. See id. Accordingly, the undersigned recommends dismissal of Plaintiff's Title VI discrimination claim against AMU.

Plaintiff also seems to allege a retaliation claim under Title VI. To make a claim for Title VI retaliation, Plaintiff must show (1) that he engaged in protected activity; (2) that AMU took a material adverse action against him, and (3) that a causal connection existed between the protected activity and the adverse action. Peters v. Jenney, 327 F.3d 307, 320 (4th Cir. 2003). The presence of a "very close" temporal relationship between the protected activity and the adverse action can be sufficient to establish a causal connection at the pleading stage. Bowman, 173 F. Supp. at 249.

Plaintiff was dismissed from AMU for what he claims was "retaliation for filing a complaint." ECF No. 1 at 1. The Office of Civil Rights letter further clarifies Plaintiff's assertion of retaliation, that is, that the University retaliated against him for complaining about the accusation of plagiarism and unfair grading when it failed to act on his grade appeal. ECF No. 1 at 11. It could also be liberally construed that Plaintiff is now asserting that he was retaliated against for filing a complaint with the Office of Civil Rights resulting in his dismissal.

Plaintiff cannot establish a causal connection between his filing of a complaint with the Office of Civil Rights and his dismissal from AMU. On the face of the complaint, Plaintiff was dismissed for academic reasons, not retaliatory reasons. It is telling that his failing grades and the accusations of plagiarism that resulted in his academic dismissal occurred well before Plaintiff filed a complaint with the Office of Civil Rights. The Court finds that Plaintiff has failed to plead facts sufficient to state a claim for retaliation against AMU and that there is not a close enough temporal relationship between the protected activity and the adverse action to create a causal connection. As such, the undersigned recommends that Plaintiff's claim of retaliation against AMU be dismissed.

### 2. Defendants Jonathon Small, Harry Cooper, and Richard White

Because Title VI applies only to programs that receive federal funding, the individual Defendants (Professors Jonathon Small, Harry Cooper, and Richard White) cannot be held liable for any alleged Title VI violations. See Wanko, 2009 WL 3052477, at *2; Mwabira-Simera v. Howard Univ., 692 F. Supp. 2d 65, 70 (D.D.C. 2010) (holding that former university president, dean, and professor were not subject to suit under Title VI or Section 504 of the Rehabilitation Act as these statutes do not impose liability on

individuals in personal capacity). Therefore, the undersigned recommends that any Title VI claim that Plaintiff has raised against the individual Defendants be dismissed.

### 3. Defendant U.S. Department of Education, Office of Civil Rights

It is unclear why the Office of Civil Rights is named as a Defendant, but it appears Plaintiff was unhappy with its investigation or response to his allegations and has brought suit on that basis.

The Office of Civil Rights is a federal agency that is part of the United States Department of Education. It enforces five federal civil rights laws that prohibit discrimination on the basis of race, color, national origin, sex, disability, and age in programs or activities that receive federal financial assistance from the Department of Education. The implementing regulations for Title VI and Section 504 of the Rehabilitation Act authorize the Department of Education to investigate allegations of discrimination, initiate compliance reviews, and take administrative measures against illegal discrimination by recipients of federal education funds. Beal, 2016 WL 6242114, at *6.

There is no private cause of action against the Department of Education for a finding of no discrimination by the Office of Civil Rights. Id. Furthermore, Title VI does not create a private right of action against the Department of Education based on the enforcement or failure to enforce the statutes. Id. While Title VI may permit private rights of action against the program recipients of the funds, no right of action lies against the Department of Education or Office of Civil Rights. Id.

In addition, there is no relief requested against this Defendant. The Court notes that Plaintiff asks only for injunctive relief, consisting of the Court ordering defendants to

grant Plaintiff readmission to AMU's masters program; confer Plaintiff a cybersecurity diploma and/or refund his tuition. Clearly the Office of Civil Rights has no authority to grant Plaintiff admission, confer a degree, or refund his tuition. Plaintiff's disagreement with the results of the Office of Civil Rights investigation cannot be the subject of a federal lawsuit. Thus, any Title VI claims asserted against the Office of Civil Rights should be dismissed.

### C.   Plaintiff has failed to state a viable § 504 claim against Defendants.

#### 1.   Defendant American Military University

Section 504 of the Rehabilitation Act prohibits discrimination against people with disabilities in programs that receive federal financial assistance. 29 U.S.C. § 794. Based on the attached letter from the Office of Civil Rights, the Court will liberally construe Plaintiff's complaint as alleging that AMU receives federal funds and is thus subject to the requirements of Section 504 of the Rehabilitation Act. See ECF No. 1 at 11.

To prove a violation of the Rehabilitation Act, a plaintiff must establish: "(1) that [they are] a "qualified individual" with a disability; (2) that [they were] excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to [their] disability." Arpino v. Bresciano, 2018 WL 6201706, at *5 (D. Conn. Nov. 28, 2018).

Plaintiff has failed to state a cause of action against AMU for disability discrimination in violation of Section 504 of the Rehabilitation Act. Plaintiff has not alleged that he has a disability. To the contrary, Plaintiff admitted to the Office of Civil Rights that he does not have a disability and is not regarded by the University as an

individual with a disability. ECF No. 1 at 12. Accordingly, the Court should dismiss Plaintiff's Section 504 discrimination claim against AMU.

### 2. Defendants Jonathon Small, Harry Cooper, and Richard White

Because Section 504 applies only to programs that receive federal funding, the individual Defendants (Professors Small, Cooper, and White) cannot be held liable for any Section 504 violations. See Mwabira-Simera, 692 F. Supp. at 70 (holding that former university president, dean, and professor were not subject to suit under Title VI or the Rehabilitation Act as these statutes do not impose liability on individuals in personal capacity). Therefore, any Rehabilitation Act claim that Plaintiff has raised against the individual Defendants is without merit and should be dismissed.

### 3. Defendant U.S. Department of Education, Office of Civil Rights

As noted previously, there is no private cause of action against the Department of Education for a finding of no discrimination or based on the enforcement or failure to enforce the statute by the Office of Civil Rights. Beal, 2016 WL 6242114, at *6. While Section 504 of the Rehabilitation Act may permit private rights of action against the program recipients of the funds, no right of action lies against the Office of Civil Rights themselves. Id. In addition, there is no relief requested against this Defendant. Plaintiff's disagreement with the results of the Office of Civil Rights investigation cannot be the subject of a federal lawsuit. Thus, any claims asserted against the Office of Civil Rights are improper and should be dismissed.

### V.     RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS**

that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** March 31, 2022

_/s/ Robert W. Trumble_
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE