IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MOHAMMED KEITA,**

        Plaintiff,

v.                                                                               CIVIL ACTION NO.: 3:22-CV-20
                                                                                 (GROH)

**AMERICAN PUBLIC UNIVERSITY, aka
American Military University,
PROFESSOR JONATHAN SMALL,
PROFESSOR HARRY COOPER,
PROFESSOR RICHARD WHITE, and
UNITED STATES DEPARTMENT OF
EDUCATION – OFFICE FOR CIVIL RIGHTS,**

        Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 56. This matter was referred to Magistrate Judge Trumble upon order of this Court pursuant to 28 U.S.C. § 636(b)(1)(A). In his R&R, Magistrate Judge Trumble recommends that this Court dismiss without prejudice the Plaintiff's Complaint for failure to state a claim. The Plaintiff timely filed his objections to the R&R [ECF No. 12], and now this matter is ripe for adjudication.

### I.  Background

On February 7, 2022, Plaintiff filed a pro se complaint against American Public University aka American Military University ("AMU"), three of his professors, and the United States Department of Education—Office of Civil Rights. ECF No. 1. In his complaint, the Plaintiff alleges that two of his professors wrongfully assigned him failing

grades and accused him of plagiarism. The Plaintiff believes that he was dismissed from AMU as retaliation for filing a complaint. The Plaintiff's three-page complaint is devoid of any reference to a statute, constitutional violation, or common law claim.

The Plaintiff attached twenty-five pages of assorted documents to his Complaint, including print outs from AMU's website and e-campus portal pertaining to the Plaintiff's academic appeals, a letter from the United States Department of Education Office of Civil Rights informing the Plaintiff that they will be investigating one of three allegations made by the Plaintiff, copies of emails the Plaintiff sent regarding his academic appeals, and what appears to be the Plaintiff's resume. According to the letter from the United States Department of Education Office of Civil Rights, the Plaintiff alleged that AMU discriminated against him on the basis of his race and national origin, AMU discriminated against him on the basis of disability for theft or misappropriation of intellectual property rights, and AMU retaliated against him for complaining about the accusation of plagiarism. The Plaintiff also attached a civil cover sheet form where he identified his lawsuit as a civil rights claim pursuant to 42 U.S.C. § 1983.

On March 31, 2022, Magistrate Judge Trumble entered an R&R in this matter, wherein he recommended that this Court dismiss without prejudice the Plaintiff's Complaint for failure to state a claim. Piecing together the Plaintiff's filings and claims raised therein, Magistrate Judge Trumble liberally construed the Plaintiff's causes of action against the Defendants as arising under § 1983, Title VI of the Civil Rights Act, and § 504 of the Rehabilitation Act. Beginning with the Plaintiff's claims under § 1983, the magistrate found that the Plaintiff failed to state an actionable constitutional violation against any of the Defendants, the Plaintiff failed to allege that any of the individual

defendants were state actors within the meaning of § 1983, and the Office of Civil Rights was an improper defendant.

Next, the magistrate construed the Plaintiff's complaint as raising both a discrimination and retaliation cause of action pursuant to Title VI. As it pertains to the Plaintiff's discrimination claim, the magistrate found that the Plaintiff failed to allege any facts showing that AMU's actions were motivated by discrimination and failed to allege any facts that even suggest that the Plaintiff was treated differently from similarly situated students who were not members of his protected class. The magistrate also found that the Plaintiff failed to state a retaliation claim pursuant to Title VI because the Plaintiff did not establish a causal connection between his filing of a complaint with the Office of Civil Rights and his dismissal from AMU. Further, the magistrate highlighted that the Plaintiff's failing grades and plagiarism accusations that resulted in his academic dismissal occurred well before the Plaintiff filed a complaint with the Office of Civil Rights. The magistrate also found that the individual Defendants and the Office of Civil Rights Defendant are improper parties to a Title VI claim.

Lastly, when reviewing the Plaintiff's complaint for a § 504 claim, the magistrate found that the Plaintiff failed to allege that he has a disability. Indeed, the Plaintiff admitted to the Office of Civil Rights that he does not have a disability and that AMU does not consider the Plaintiff an individual with a disability. Additionally, as with the Title VI claims, the magistrate found that the individual Defendants and the Office of Civil Rights Defendant are improper parties.

Ultimately, the magistrate found that the Plaintiff failed to state a claim for relief under § 1983, Title VI, and § 504. Accordingly, the magistrate recommended that this

Court dismiss without prejudice the Plaintiff's complaint and deny as moot the Plaintiff's motion for leave to proceed informa pauperis. The Plaintiff timely filed his objections to the magistrate's R&R. The Plaintiff has also subsequently filed two miscellaneous motions, including a request for a jury trial and a request for a special accommodation to be excluded from the "proposed Social Security Act of 1970," which remain pending before this Court. ECF Nos. 13, 14.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). More specifically, under this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-

4

recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

Similar to his complaint, the Plaintiff's objections are not a model of clarity. First, the Plaintiff appears to object to the magistrate's finding that he failed to state a retaliation claim under Title VI. The Plaintiff argues that he engaged in protected activity in his course

5

assignments and that his professors took material adverse action against him by not grading the assignments. The Plaintiff avers that aforementioned casual connection is sufficient to sustain a Title VI claim.

However, the Court finds it is not. Merely completing coursework is not protected activity and not receiving favorable grades is not a material adverse action as a result. While the Plaintiff may have identified a cause-and-effect sequence of events, these events cannot sustain a Title VI cause of action. Additionally, the Plaintiff attempts now in his objection to reframe his retaliation claim. Initially, the Plaintiff alleged that he was academically dismissed from AMU in "retaliation for filing a complaint." ECF No. 1 at 1. Now, the Plaintiff alleges that he faced retaliation in the form of unfavorable grading after completing coursework.

Regardless, the Plaintiff has failed to plead facts showing that he received unfavorable grades in retaliation for engaging in a protected activity. Completing coursework is not a protected activity. Protected activity includes actions like complaining about discriminatory or harassing behavior; disclosing or reporting violations of law, rules, or procedures; reporting fraud, waste, or abuse; or participating in discrimination or whistleblower proceedings, like an investigation or lawsuit. See Peters v. Jenney, 327 F.3d 307, 320 (4th Cir. 2003); Pitter v. Cmty. Imaging Partners, Inc., 735 F. Supp. 2d 379, 395 (D. Md. 2010). As emphasized by the magistrate, the Plaintiff was dismissed from AMU for poor grades and accusations of plagiarism, and then later filed a complaint with the Office of Civil Rights afterwards. The sole protected activity the Plaintiff engaged in— filing a complaint with the Office of Civil Rights—occurred after all the adverse events identified by the Plaintiff. Therefore, this Court **OVERRULES** the Plaintiff's objection

arguing that he has satisfactorily alleged a retaliation claim under Title VI.

Next, the Plaintiff's second objection also pertains to his Title VI retaliation claim. The Plaintiff appears to object to the magistrate's finding that Defendants Small, Cooper, and White cannot be held liable under Title VI. The Plaintiff asserts that Federal Student Loan Program, as a form of federal funding, can attach liability to the individual Defendant professors named in his complaint.

The Court does not find this theory persuasive. "Title VI applies only to programs that receive federal funding, [therefore] the individual defendants cannot be held liable for any Title VI violations." Wanko v. Catholic University of America, Civil Case No. 08-2115 (RJL), 2009 WL 3052477, at *2 (D.D.C. Sep. 22, 2009); see, e.g., Shotz v. Plantation, 344 F.3d 1161, 1169 (11th Cir. 1996); Buchanan v. Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996); Silva v. St. Anne Catholic Sch., 595 F. Supp. 2d 1171, 1179 (D. Kan. 2009). Accordingly, the Court **OVERRULES** the Plaintiff's objection arguing that Defendants Small, Cooper, and White can be held liable for his Title VI cause of action.

Lastly, the Plaintiff objects to the magistrate's finding that he failed to state a claim under § 1983. However, the Plaintiff largely reasserts his claim as it was initially made in his complaint. The Plaintiff reiterates that his constitutional right to due process was violated when AMU extended the timeline for grading appeals from thirty days to ninety days. The Plaintiff also conclusory alleges that the "conduct complained of" was committed by a person acting under color of state law. As noted by the magistrate, there is no indication that any of the individuals named as defendants in this action are state actors within the meaning of § 1983. Further, as found by the magistrate, the Plaintiff's allegation regarding the appeal process timeline simply does not rise to the level of a

constitutional due process violation. Therefore, this Court **OVERRULES** the Plaintiff's objection arguing that he sufficiently stated a claim actionable under § 1983.

### IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 10] should be, and is hereby, **ORDERED ADOPTED**. The Plaintiff's objections to the R&R are **OVERRULED**. For the reasons more fully stated in the R&R, the Court **ORDERS** that the Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] be **DENIED AS MOOT**. This Court **FURTHER ORDERS** that the Plaintiff's Motion for Jury Trial and Immediate Court Decision [ECF No. 13] and Motion for Special Accommodation [ECF No. 14] be **TERMINATED AS MOOT**.

The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk is **FURTHER DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** July 13, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE